## STATE EX REL. CLARE H. KUNZ v. LESLIE M. GRAVLIN AND OTHERS.[1]

June 28, 1940.

No. 32,442.

*Thomas Gallagher* and *Marshall B. Taft,* for appellant.

*J. A. A. Burnquist,* Attorney General, *John A. Weeks,* Assistant Attorney General, and *William W. Watson,* Special Assistant Attorney General, for respondents.

PER CURIAM.

This matter is before us on an appeal from a judgment of the district court for Ramsey county quashing an alternative writ of *mandamus* and dismissing the petition.

Relator, Clare H. Kunz, was employed by the state of Minnesota from January 5, 1932, until June 6, 1939, as a secretary in the commission of administration and finance.

[1]Reported in 293 N. W. 257.

On June 5, 1939, the duties of this department were transferred to the newly created office of commissioner of administration. On June 6, 1939, relator received the following letter:

"Dear Mr. Kunz:

"It has been found necessary, due to reasons of efficiency, economy and reorganization, to dispense with your services effective at the close of business June 6, 1939."

The letter was signed by the executive secretary of the commission.

On June 15, 1939, Kunz, through his attorney, demanded that he be reinstated or, if his position had been abolished, that he be placed at the head of the appropriate civil service register. After refusal of the demands, *mandamus* was sought.

We assume, and this is the theory on which the case has been submitted, that the letter of June 6 does not state a cause for dismissal. Therefore the question presented is whether relator was wrongfully discharged under the civil service act.

3 Mason Minn. St. 1940 Supp. § 254-57, provides that "the civil service of the state of Minnesota is hereby divided into the unclassified and the classified services." The remainder of the section deals primarily with classification. Under it relator was a member of the classified service. Section 254-58(1) then provides:

"All persons holding offices or employments in the classified service on the effective date of this act who have been employed * * * for a total of five years * * * prior to the effective date of this act; * * * shall automatically receive a civil service status without examination and shall be subject to and protected by the provisions of this act, but shall first be subject to the following: * * * (b) the six months' probationary period provided by section 21 of this act [3 Mason Minn. St. 1940 Supp. § 254-69]. The probation-

ary period in the case of persons holding offices or employments covered by this section shall begin to run on the effective date [April 22, 1939] of this act."

Section 254-58(3) enacts:

"Except as in this act otherwise specifically provided, until August 1, 1939, all persons holding offices or employments in the classified service, may be laid off, suspended, transferred, discharged, promoted, reduced, or discharged and reinstated as temporary employees, at the will and pleasure of the authority employing them, subject, however, to such laws as are not expressly repealed by this act."

Section 254-69 provides:

"Except as in this act otherwise provided, all original appointments to and promotions within the classified service, and offices or employments within the classified service held by persons who become members of the classified service without examination pursuant to section 10 [3 Mason Minn. St. 1940 Supp. § 254-58] * * * shall be for a probationary period of six months, but dismissals or demotions may be made at any time during such period, subject to the provisions of section 19, subsection (3) [3 Mason Minn. St. 1940 Supp. § 254-67(3)]. At the end of the probationary period the appointing officer shall notify the director in writing whether the probationer is a satisfactory employee and should receive the status of a permanent appointee."

Since § 19(3) or 3 Mason Minn. St. 1940 Supp. § 254-67(3), applies to promotional employes, it is of no relevance.

This detailed picture presents the material involved in decision.

Relator was a probationary employe in the classified service. His discharge occurred in June, 1939. We think that § 254-58(3) was ample statutory authority to justify the discharge under the circumstances even without cause stated or in fact existing. It is specifically enacted that *all* persons

holding offices or employments in the *classified* service could be discharged without cause prior to August 1, 1939. The provision does not distinguish between members of the classified service who have served five years and those who have served less and who therefore must take an examination. Instead, it clearly provides that *all* persons in the classified service are subject to its provisions. Such a comprehensive statute cannot be whittled down by reference to other sections, for none to which we have been cited specifically provide otherwise. In fact the statute giving power to discharge without cause prior to August 1, 1939, is found in the same section as that providing that employes of five years' service "shall automatically receive a civil service status" subject to the six-months probationary period. To be noted also is the fact that § 254-69, upon which most of relator's arguments are premised, commences with the words, "Except as in this act otherwise provided," etc.

To us it seems almost self-evident that the provision relating to discharge before August 1, 1939, applies to members of the classified service, including probationers. Any protection which § 254-58 might otherwise give, and what this is we do not decide, does not become effective until after the provision relating to discharges prior to August 1, 1939, has expired in operative effect by lapse of time. By the enactment of § 254-58(3), actually the civil service status given an employe who has served five years, whatever it may mean and include, is sheared of any protective quality until after August 1, 1939. What protection, if any, an employe with a probation standing has we do not decide.

We can neither inquire into nor consider the motives of the legislature in incorporating the provisions relating to discharge of employes of the classified group prior to August 1, 1939. Manifestly there are many arguments available to support the view that cause should be required before a probationer can be discharged. Likewise there are many to the contrary. But the legislature clearly possessed the power to

incorporate the provision mentioned; and, since we do not make the laws but only give them interpretation, it is our duty to follow the apparent and definite mandate of the statute without consideration of our views on the merits of requiring or not requiring cause to be shown as a condition precedent.

Judgment affirmed.